JJD:PGS/JLG
F.#2016R01021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ALEXI SAENZ,
    also known as "Blasty"
    and "Plaky,"

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NOTICE OF INTENT TO SEEK
THE DEATH PENALTY

Cr. No. 16-403 (S-7)(JFB)

        Pursuant to the requirements of 18 U.S.C. § 3593(a), the United States hereby gives notice that it believes that the circumstances of this case are such that, in the event that the defendant ALEXI SAENZ, also known as "Blasty" and "Plaky," is convicted of any of the capital offenses relating to the deaths of victims Michael Johnson, Oscar Acosta, Kayla Cuevas, Nisa Mickens, Javier Castillo, Dewann Stacks and Esteban Alvarado-Bonilla, a sentence of death is justified and that the United States will seek the death penalty. Specifically, the United States will seek a sentence of death for Counts 29, 31, 50, 52, 55, 57 and 62 of the Seventh Superseding Indictment, which charge murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2, and Count 64 of the Seventh Superseding Indictment, which charges causing death through the use of a firearm, in violation of 18 U.S.C. §§ 924(j)(1) and 2.

Pursuant to 18 U.S.C. § 3591(a), the defendant was 18 years of age or older at the time of the murders of Michael Johnson, Oscar Acosta, Kayla Cuevas, Nisa Mickens, Javier Castillo, Dewann Stacks and Esteban Alvarado-Bonilla.

Pursuant to 18 U.S.C. § 3591(a)(2), the United States will rely on the following preliminary factors to establish the defendant's eligibility for the death penalty:

1. The defendant intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Michael Johnson, Oscar Acosta, Kayla Cuevas, Nisa Mickens, Javier Castillo, Dewann Stacks and Esteban Alvarado-Bonilla died as a direct result of the act or acts.   18 U.S.C. § 3591(a)(2)(C).

2. The defendant intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and Michael Johnson, Oscar Acosta, Kayla Cuevas, Nisa Mickens, Javier Castillo, Dewann Stacks and Esteban Alvarado-Bonilla died as a direct result of such act or acts.   18 U.S.C. § 3591(a)(2)(D).

Pursuant to 18 U.S.C. § 3592(c), the United States will rely on the following statutory aggravating factors as justifying a sentence of death with respect to the murders of Michael Johnson, Oscar Acosta, Kayla Cuevas, Nisa Mickens, Javier Castillo, Dewann Stacks and Esteban Alvarado-Bonilla:

Michael Johnson Murder

    1.     Heinous, Cruel or Depraved Manner of Committing the Offense: The defendant committed the murder of Michael Johnson in an especially heinous, cruel and depraved manner in that it involved torture and serious physical abuse to the victim. 18 U.S.C. § 3592(c)(6).

    2.     Substantial Planning and Premeditation: The defendant committed the murder of Michael Johnson after substantial planning and premeditation to cause the death of one or more persons. 18 U.S.C. § 3592(c)(9).

Oscar Acosta Murder

    1.     Heinous, Cruel or Depraved Manner of Committing the Offense: The defendant committed the murder of Oscar Acosta in an especially heinous, cruel and depraved manner in that it involved torture and serious physical abuse to the victim. 18 U.S.C. § 3592(c)(6).

    2.     Substantial Planning and Premeditation: The defendant committed the murder of Oscar Acosta after substantial planning and premeditation to cause the death of one or more persons. 18 U.S.C. § 3592(c)(9).

Kayla Cuevas Murder

    1.     Heinous, Cruel or Depraved Manner of Committing the Offense: The defendant committed the murder of Kayla Cuevas in an especially heinous, cruel and depraved manner in that it involved torture and serious physical abuse to the victim. 18 U.S.C. § 3592(c)(6).

       2.      Substantial Planning and Premeditation: The defendant committed the murder of Kayla Cuevas after substantial planning and premeditation to cause the death of one or more persons. 18 U.S.C. § 3592(c)(9).

       3.      Multiple Killings or Attempted Killings: In committing the murder of Kayla Cuevas, the defendant intentionally killed and attempted to kill more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

Nisa Mickens Murder

       1.      Heinous, Cruel or Depraved Manner of Committing the Offense: The defendant committed the murder of Nisa Mickens in an especially heinous, cruel and depraved manner in that it involved torture and serious physical abuse to the victim. 18 U.S.C. § 3592(c)(6).

       2.      Substantial Planning and Premeditation: The defendant committed the murder of Nisa Mickens after substantial planning and premeditation to cause the death of one or more persons. 18 U.S.C. § 3592(c)(9).

       3.      Multiple Killings or Attempted Killings: In committing the murder of Nisa Mickens, the defendant intentionally killed and attempted to kill more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

Javier Castillo Murder

       1.      Heinous, Cruel or Depraved Manner of Committing the Offense: The defendant committed the murder of Javier Castillo in an especially heinous, cruel and depraved manner in that it involved torture and serious physical abuse to the victim. 18 U.S.C. § 3592(c)(6).

    2.    Substantial Planning and Premeditation: The defendant committed the murder of Javier Castillo after substantial planning and premeditation to cause the death of one or more persons. 18 U.S.C. § 3592(c)(9).

Dewann Stacks Murder

    1.    Heinous, Cruel or Depraved Manner of Committing the Offense: The defendant committed the murder of Dewann Stacks in an especially heinous, cruel and depraved manner in that it involved torture and serious physical abuse to the victim. 18 U.S.C. § 3592(c)(6).

    2.    Substantial Planning and Premeditation: The defendant committed the murder of Dewann Stacks after substantial planning and premeditation to cause the death of one or more persons. 18 U.S.C. § 3592(c)(9).

Esteban Alvarado-Bonilla Murder

    1.    Grave Risk of Death to Additional Persons: The defendant, in the commission of the murder of Esteban Alvarado-Bonilla, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense. 18 U.S.C. § 3592(c)(5).

    2.    Substantial Planning and Premeditation: The defendant committed the murder of Esteban Alvarado-Bonilla after substantial planning and premeditation to cause the death of one or more persons. 18 U.S.C. § 3592(c)(9).

In addition to the statutory aggravating factors set forth above, the United States will rely on the following non-statutory aggravating factors to justify a sentence of death, pursuant to 18 U.S.C. § 3593(a)(2):

1. Contemporaneous Convictions for Crimes of Violence: The defendant committed the murders of Michael Johnson, Oscar Acosta, Kayla Cuevas, Nisa Mickens, Javier Castillo, Dewann Stacks and Esteban Alvarado-Bonilla within a thirteen-month time period. In addition, the Seventh Superseding Indictment alleges that the defendant committed other crimes of violence within that thirteen-month time period, including the July 18, 2016 attempted murders and assaults of John Doe #5 and John Doe #6, the August 10, 2016 attempted murders of rival gang members, and the September 12, 2016 arson of two vehicles, as well as related conspiracy and firearms charges.

2. Leadership Role: The defendant, as the leader of the Brentwood/Central Islip chapter of the Sailors Locos Salvatruchas Westside ("Sailors") clique of the MS-13, directed acts of violence, including the murders of Michael Johnson, Oscar Acosta, Kayla Cuevas, Nisa Mickens, Javier Castillo, Dewann Stacks and Esteban Alvarado-Bonilla, recruited new members of the MS-13, procured weapons, including firearms, machetes and baseball bats, for the MS-13, and organized the distribution of narcotics to raise money for the MS-13.

3. Recruitment and Use of Juveniles: The defendant, as the leader of the Brentwood/Central Islip chapter of the Sailors clique, recruited numerous members into the MS-13, many of whom were juveniles, and directed one or more juveniles to carry out murders and other acts of violence, including, without limitation, the murders of Michael Johnson, Oscar Acosta, Kayla Cuevas, Nisa Mickens, Javier Castillo and Dewann Stacks.

4. Future Dangerousness: The defendant represents a continuing danger to the lives and safety of other persons. The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, one or more of the following: (a) his participation in a continuing pattern of violence before his arrest; (b) his ongoing membership and leadership in the MS-13, a transnational criminal organization with a significant and growing presence in Bureau of Prisons facilities; and (c) his continued criminal conduct while incarcerated, including by, inter alia, maintaining his leadership role within the MS-13, authorizing violent attacks against other inmates, threatening Corrections Officers, communicating with MS-13 leaders in the United States and El Salvador using multiple contraband cell phones, actively attempting to identify cooperators for retaliation, threatening other MS-13 members to induce them not to plead guilty, and hiding sharpened pieces of metal, known as "shanks," inside his cell.

5. Victim Impact Evidence: The defendant caused injury, harm and loss to each of the victims, the victims' families and the victims' friends, as demonstrated by the victims' personal characteristics as individual human beings and the impact of the respective deaths upon the victims' family and friends. Payne v. Tennessee, 501 U.S. 808, 824-27 (1991). The United States will present information concerning the effect of the offense on each of the victims and the victims' families and friends, which may include oral testimony, victim impact statements, evidence of the extent and scope of the injuries and losses suffered by the victims, the victims' family and friends, and any other relevant information.

The government further gives notice that, in support of imposition of the death penalty, it intends to rely upon all the evidence admitted by the Court during the guilt phase

of the trial and the offenses of conviction, as described in the Seventh Superseding Indictment, as they relate to the background and character of the defendant, his moral culpability and the nature and circumstances of the offenses charged in the Seventh Superseding Indictment.

Dated:      Central Islip, New York
               July 17, 2020

                                          SETH D. DUCHARME
                                          ACTING UNITED STATES ATTORNEY
                                          EASTERN DISTRICT OF NEW YORK

cc:    David Ruhnke, Esq.         BY: _____
       Natali Todd, Esq.           ACTING UNITED STATES ATTORNEY
                                          PURSUANT TO 28 C.F.R. 0.136