FILED
CLERK
4:56 pm, May 09, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

ALEXI SAENZ, a/k/a "Blasty" and "Plaky," and JAIRO SAENZ, a/k/a "Funny," *et al.*

              Defendants.

------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER REGARDING MOTIONS FILED AS DOCKET ENTRIES 2544, 2549, 2547, 2559, 2533, 2558, 2557 & 2551**

16-CR-403(GRB)

**GARY R. BROWN, United States District Judge**:

    This matter is scheduled for trial in September 2024, and shall not be adjourned further. In recent days, counsel for defendants have filed nearly two dozen motions and applications, including at least eight separate 11th hour motions to dismiss the Eighth Superseding Indictment (the "S-8" indictment) on purely legal grounds, even though that charging instrument has been pending for well over a year. *See* DE 2530, 2531, 2532, 2533, 2534, 2548, 2558, 2560.[1] The balance of the motions seek a broad range of relief, including four separate applications seeking suppression of electronic evidence, two sealed motions to sever, *Daubert* motions, an application for change of venue and several trial procedure motions. While several of these require additional briefing and analysis, others do not. For its part, the Government has submitted a motion to empanel an anonymous and partially sequestered jury. DE 2557.

    Thus, to help manage this blizzard of filings, the following motions are, without the need for further submissions, hereby resolved or limited as follows:

---

[1] In the future, consolidated filings will be expected whenever appropriate.

1. **Motion to Strike Surplusage (DE 2544)** – Rather than inquire with the Court (or, for that matter, experienced local counsel) as to its practice concerning whether the jury will be given copies of the indictment, defense counsel preemptively seeks an order striking surplusage unconvincingly characterized as prejudicial. This includes articulating – with paragraph-specific citations -- that the S-8 Indictment contains the phrase "together with others" 89 times and the words "and elsewhere" 59 times. DE 2544-1 at 8-9. In an indictment charging scores of defendants in an interstate conspiracy, frequent deployment of these terms seems unsurprising. Defendants make a misguided effort to argue that these, and similar, phrases raise the specter of unfair prejudice, based largely on inapplicable case law decided decades ago by district courts outside of this Circuit. *Id.* All of defendants' arguments here similarly ring hollow. In any event, the Court has no intention of providing a copy of the indictment or reading its entire contents to the jury,[2] rendering the motion moot. *See United States v. Kelley*, 349 F.2d 720 (2d Cir. 1965) (advising against such a practice). Thus, the motion to strike surplusage is denied.

2. **Motion to Suppress Physical Evidence (DE 2549)** – At a proceeding in June 2022, the Court set a 90-day deadline for counsel to file physical suppression motions regarding the search of premises and a vehicle associated with these defendants. DE 2084 at 42. In July 2022, defense counsel sought and received an extension of that deadline, representing that "law enforcement executed several search warrants relevant to the charges against Jairo Saenz and Alexi Saenz, and we are reviewing a number of possible issues." DE 2104. In September 2022, defendants filed a motion to suppress the evidence from these searches, which the Court denied in a written decision in December 2022. *United States v. Saenz,* No. 16-CR-403(GRB), 2022 WL 17961205, at *1 (E.D.N.Y. Dec. 27, 2022). Counsel tries to frame this motion as something other than "an attempt to relitigate issues addressed in the previously filed Joint Motions to Suppress." DE 2549-1 at 1, but plainly, that is exactly what this motion represents. *Compare id.* (arguing invalidity of the warrant based on staleness and overbreadth), *with Saenz,* 2022 WL 17961205 (rejecting these precise arguments). Furthermore, examination of the new filing reveals that the application does not withstand an examination under existing law, including analysis under *Leon* and *Franks*. As such, the motion is denied as untimely and meritless.

3. **Motion Relating to Jury Selection Practices (DE 2547)** – In a filing containing assertions such as "[a]ttorney-conducted voir dire is the most effective method for exposing biases of prospective jurors" and "jurors are more likely to be honest about their views when questioned by attorneys rather than by judges," defendants move that, during jury selection, counsel should be permitted to question jurors, providing the opportunity to "aggressively probe jurors' true views." DE 2549 at 8-10. Additionally, defendants seek the use of a jury questionnaire, having unilaterally supplied a proposed 21-page form. That document would ask prospective jurors

---

[2] Defense counsel adds "if the Court were to read or provide any portion of the indictment to the jury, the jury must be admonished that the allegations contained in the indictment are not evidence." DE 2544-1 at 12.

whether they "pay particular attention to any news anchors, commentators or programs" providing a non-exclusive list of 14 examples,[3] inquires as to juror's "ethnic background" with a list of nationalities, and, most remarkably, for panel members familiar with the case, a space to write a short essay about "impressions you have of the defendants as brothers." DE 2547-2.  Such matters are squarely entrusted to this Court's experience and discretion.  *Rosalez-Lopez v. United States,* 451 U.S. 182, 189 (1981).  And the Court will permit none of this.  Thus, the motion is denied.

4. **Successive Objection Concerning Expert Disclosure (DE 2559)** – Alexi Saenz moves objects to the Government's expert disclosure, filing a brief suggesting that those disclosures fail to comport with Fed.R.Crim.P. 16(a)(1)(G).  DE 2559.  Jairo Saenz previously filed a nearly identical objection, DE 2470, which the Court considered and rejected without prejudice to renewal in a written order.  *See* Electronic Order dated 3/18/24.  For the reasons set forth therein, the Court applies that decision to this objection and cautions counsel that in the future, such matters should be resolved simply by filing a one-line letter indicating that the defendant joins in the application of his co-defendant.

5. **Motion to Dismiss based on "John Doe" Identification of Victims (DE 2533)** -- Despite the fact that the S-8 Indictment has been pending for nearly a year and a half and similar charging instruments were filed in this case as early as 2016, Jairo Saenz now moves to dismiss three racketeering acts and eight substantive counts as "facially deficient" because the murder and assault victims were identified solely under "John Doe" aliases.  DE 2533.  Counsel makes this motion even while acknowledging that the Government has long since provided them with the names of each victim, and fails to identify any prejudice to the defendants.  *Id.* at 5.  The Second Circuit has rejected this precise argument.  *United States v. Stringer*, 730 F.3d 120, 125 (2d Cir. 2013) (identity theft indictment that failed to identify victims "was not constitutionally deficient").   The motion is denied.

6. **Motion Seeking Dismissal Based on Potential Life Sentence (DE 2558)** -- Defendant Alexi Saenz ostensibly moves under *Miller v. Alabama*, 567 U.S. 460 (2012) to dismiss[4] eight counts of the indictment which contain a mandatory life sentence provision because he was either at or under the age of 18 at the time the offenses were committed.  DE 2558.  However, the Second Circuit has confirmed not only a conviction, but a life sentence, imposed upon a minor codefendant on similar charges in a related case.  *United States v. Garcia*, 666 F. App'x 74, 78 (2d Cir. 2016) ("The district court carefully conducted the analysis required under *Miller* and we will not disturb its judgment."); *Garcia v. United States,* No. 10 CR 471 (GRB), 2023 WL 4373626, at *7 (E.D.N.Y. July 6, 2023).  Troublingly, counsel attempts to conjure a dismissal argument from a Fourth Circuit decision without ever mentioning

---

[3] At least one example -- "John Acosta" -- appears to be someone other than a news anchor.
[4] At one point, the motion to dismiss states that it is "appropriate to strike [the] mandatory sentencing provision," DE 2558 at 3, but the express relief sought is outright dismissal of the counts.

    the *Garcia* decisions.  Thus, the motion is denied.

7. **Motion for an Anonymous Jury (DE 2557)** – The Government moves for an anonymous and partially-sequestered jury, a matter thoroughly explored by Judge Bianco in granting a nearly identical motion regarding the trial of a codefendant herein.  *United States v. Suarez*, No. 16-CR-403 (JFB)(20), 2020 WL 7699663, at *6 (E.D.N.Y. Dec. 28, 2020). While the Court will not grant this motion without providing defendants' counsel the opportunity to respond, such response should be limited to (1) whether counsel consents to such procedures or (2) the identification of specific factual differences between that trial and this one that would warrant consideration of a different conclusion.

8. **Motion for Extension of Time to File JSSA Challenge (DE 2551)** – Counsel has moved, without opposition, for an extension of time to file a Jury Selection Procedures Act challenge, if any, until seven days after the provision of data pursuant to this Court's recent directives.  That motion is granted.

Counsel for defendants are directed to reexamine the balance of the motions filed forthwith to ensure that such filings are consistent with binding law and rules, and should not hesitate to withdraw any of the filings found to be deficient.  Moreover, the parties are directed to confer to determine whether any other pending or anticipated filings might be better resolved through stipulation or other accommodation, rather than resort to formal motion practice.  *Cf.* Local Criminal Rule 16.1.

**SO ORDERED**

Dated: Central Islip, New York
       May 9, 2024

                                               /s/ Gary R. Brown
                                               GARY R. BROWN
                                               United States District Judge