**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

              -against-

ALEXI SAENZ, a/k/a "Blasty" and "Plaky,"
and JAIRO SAENZ, a/k/a "Funny," *et al.*

                      Defendants.

-----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER REGARDING MOTIONS FOR RECONSIDERATION**

16-CR-403(GRB)

**APPEARANCES:**

*Attorneys for the Government:*

Breon Peace
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

*By:*
John J. Durham
Paul G. Scotti
Justina L. Geraci
Megan E. Farrell
Assistant U.S. Attorneys

*Attorneys for Jairo Saenz:*

Jacqueline K. Walsh, Esq.
140 Lakeside Ave., #A-338
Seattle, WA 98122

Eric K. Klein, Esq.
Johnson & Klein, PLLC
5398 Manhattan Circle
Boulder, CO 80303

(continued on next page)

1

Monica Foster, Esq.
Executive Director
Indiana Federal Community Defenders, LLC
111 Monument Circle, Suite 3200
Indianapolis, IN 46204

*Attorneys for Alexi Saenz:*

Natali Todd, Esq.
Law Offices of Natali J.H. Todd, P.C.
26 Court Street, Suite 413
Brooklyn, NY 11242

Victor J. Abreu, Esq.
Peter Williams, Esq.
Anna Christensen, Esq.
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106

**GARY R. BROWN, United States District Judge**:

Between April and early May, counsel for defendants filed nearly two dozen pre-trial motions and applications, consisting of approximately 449 pages of briefing.[1] On May 9, 2024, the Court filed a Memorandum of Decision & Order Regarding Motions Filed as Docket Entries 2544, 2549, 2547, 2559, 2533, 2558, 2557 & 2551 (the "Order"). Docket Entry ("DE") 2566. The Order provided rulings on eight motions that appeared straightforward and capable of ready resolution. The Court's goal in issuing that opinion was to reduce the matters at issue to allow the parties and the Court to focus on defendants' remaining applications, which seemed more substantial than those subject to the Order.[2] *See* Order at 1 ("While several [of defendants'

---

[1] *See* Docket Entries ("DE") 2530, 2531, 2532, 2533, 2534, 2540, 2541, 2543, 2544, 2545, 2547, 2548, 2549, 2552, 2553, 2554, 2555, 2558, 2559, 2560 and 2561.

[2] Notably, the Court requested that counsel review the balance of the motions to determine whether any should be withdrawn. Attorneys for Alexi Saenz have acknowledged that "some of the arguments put forward by Mr. Saenz were precluded by binding precedent from the Second Circuit," but that counsel will continue to put these forward "for preservation purposes only." DE 2574 at 20.

motions] require additional briefing and analysis, others do not.")

Counsel for each defendant has now filed a separate, 21-page brief moving for reconsideration, supplemented, in one instance, by a 16-page declaration from a jury selection consultant, and asking that the Court "reconsider and withdraw its Order." *See* DE 2572 (on behalf of Jairo Saenz); *cf.* DE 2574 at 5 (Alexi Saenz "requests that this Court reconsider the Order in its entirety.")[3] In those motions, counsel appears to both misapprehend and misconstrue the Court's intent in issuing the Order, while attempting to divine "what counsel believe to be the overarching concerns behind the [ ] Order." DE 2574 at 9. The language in the Order should not be interpreted as raising "ethical concerns about counsel's conduct," DE 2574 at 5, or that "implicit in the Court's Order is a suggestion that defense counsel have been dilatory." DE 2572-1 at 3; *cf. id.* at 4 (suggesting that the Order may be interpreted as critical of the attorneys' conduct based on use of the phrase "defense counsel.")

For avoidance of doubt, in a case with an unwieldy docket of more than 2,500 entries, the Order aimed to reduce the burdens on all involved and concentrate efforts on seemingly more critical issues. However, in no way did this Court intend to limit defendants' ability to conduct a defense or receive full and fair consideration of all judiciable issues. Thus, out of an abundance of caution, the Court will grant the motions for reconsideration, withdrawing the Order and

---

[3] In his reconsideration motion relating to a motion to dismiss based on a mandatory life sentence, which relies on a Fourth Circuit holding but fails to even cite the relevant opinions by this Court and the Second Circuit in *Garcia*, Alexi Saenz makes the extraordinary assertion that "Neither *Garcia* case addressed the issue of a *mandatory* life sentence . . . ." DE 2574 at 13 (emphasis original). *See United States v. Garcia,* 666 F. App'x 74, 76 (2d Cir. 2016) ("At the proceeding, the district court observed that treating the life sentence required by 18 U.S.C. § 1959(a)(1) as mandatory for Garcia would be unconstitutional under *Miller* [ ], as Garcia was 17 at the time of the offense."); *Garcia v. United States*, 2023 WL 4373626 at *2. (E.D.N.Y. July 6, 2023) ("'However, the parties agree and I also agree that based upon the Supreme Court decision in the case known as *Miller v. Alabama*, that Count 2 does not carry a mandatory minimum sentence. So your maximum term of imprisonment is life, but there is no mandatory minimum term of imprisonment.'") (quoting Judge Bianco's oral ruling).

restoring the seven motions[4] that were denied in whole or in part to the calendar. Thus, the Government will, consistent with the previously imposed schedule, file responses to those motions along with the other pending motions, such that the Court will have, as described by Jairo Saenz's counsel, "the benefit of the government's position." DE 2572-1 at 13. Defendants, of course, may file a reply consistent with the existing schedule and argument will be heard as previously directed.

**SO ORDERED**

Dated: Central Islip, New York
　　　May 28, 2024

　　　　　　　　　　　　　　　　　　　　　　　/s/ Gary R. Brown
　　　　　　　　　　　　　　　　　　　　　　　GARY R. BROWN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[4] The eighth motion – an unopposed application to extend time to file a Jury Selection and Service Act motion (erroneously described by the Court as a "Jury Selection Procedures Act" motion) was granted. Presumably, defendants are not seeking reconsideration of this aspect of the Order.

4